ALVAREZ, RECURRENTE, v. EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., sobre calificación de defectos subsanables.

No. 207.—Resuelto en diciembre 7, 1914.

RECURSOS GUBERNATIVOS—INFORME DEL REGISTRADOR.—El tribunal insiste en la conveniencia de que en estos recursos los registradores informen siempre con cierta amplitud sobre los motivos de sus notas y citen las autoridades que les han servido de base, a fin de poder decidir las cuestiones envueltas con la confianza de haber oído el pro y el contra de cada contención y en su consecuencia con mayor seguridad de acierto.

VENTA DE BIENES A UNA SOCIEDAD MERCANTIL Y CONSTITUCIÓN DE HIPOTECA SOBRE LOS MISMOS—PRESENTACIÓN EN EL REGISTRO DE LA ESCRITURA DE CONSTITUCIÓN SOCIAL—JUSTIFICACIÓN DE LAS FACULTADES DE LOS GESTORES.—Cuando de los documentos presentados para su inscripción en el registro, constan de modo auténtico y fehaciente y con la claridad debida los datos necesarios relativos a la constitución de la sociedad, a las facultades del socio o socios que hubieren otorgado el contrato que se trata de inscribir, etc., etc., huelga que se acompañe la escritura por virtud de la cual la sociedad quedó constituída.

Los hechos están expresados en la opinión.

El recurrente compareció por escrito en nombre propio.

El Registrador Sr. José S. Belaval no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso gubernativo interpuesto contra cierta calificación de defecto subsanable hecha por el Registrador de la Propiedad de San Juan, Sección 1ª. Del expediente resulta que en 25 de abril de 1914 comparecieron ante el Notario Público Rafael Arce Rollet, en Caguas, la sociedad mercantil regular colectiva "H. Rosa y Compañía," representada por su gestor Hipólito Rosa García, e Isidoro Alvarez González, y otorgaron una escritura por virtud de la cual la indicada mercantil compró al otro compareciente Alvarez González dos fincas rústicas, hallándose situada una de ellas en el término municipal de Río Piedras. La com-

pra se efectuó por el precio de $2,400, cuatrocientos que confesó recibidos el vendedor y dos mil que quedaron aplazados. El comprador hipotecó expresamente las fincas para garantizar el precio aplazado.

La escritura de 25 de abril de 1914 se presentó, a los efectos de la inscripción de la venta e hipoteca de la finca situada en Río Piedras, en el Registro de la Propiedad de San Juan, Sección 1ª., acompañada de otra otorgada el 5 de mayo de 1914, en Caguas, ante el mismo notario, por José Rosa Sánchez e Tipólito Rosa García, por virtud de la cual los indicados comparecientes modificaron la cláusula del contrato social de la mercantil ''H. Rosa y Compañía'' referenté al objeto y fines de la sociedad en la forma que se especifica en la misma. El registrador, el 27 de octubre de 1914, inscribió el contrato ''con el defecto subsanable de no presentarse la escritura de constitución de la sociedad adquirente para acreditar que Don Hipólito Rosa y Don José Rosa son los únicos socios que la componen y para acreditar el carácter de gestor que ejerce Don Hipólito.''

El 10 de noviembre archivó el recurrente Isidoro Alvarez González en la secretaría de esta Corte Suprema su escrito interponiendo el recurso y las escrituras a que nos hemos referido. Se dió traslado acto seguido al registrador para que en el término de diez días presentara su alegato. Vencido dicho término, sin que el registrador hiciera alegación alguna, el recurso quedó sometido definitivamente a nuestra consideración y resolución.

Ya dijimos en el caso de *Amy* v. *El Registrador,* 21 D. P. R., 123, 125, que era conveniente que en estos recursos los registradores informaran siempre con cierta amplitud sobre los motivos de sus notas y citaran las autoridades que les habían servido de base, a fin de poder decidir las cuestiones envueltas con la confianza de haber oído el pro y el contra de cada contención, y, en su consecuencia, con mayor seguridad de acierto. Insistimos en que debe seguirse la línea de conducta marcada en el caso de Amy.

Como hemos visto, el defecto subsanable anotado por el registrador consiste en que no se acompañó la escritura de constitución de la sociedad "H. Rosa y Compañía" para acreditar: (a) que Don Hipólito y Don José Rosa eran los únicos socios que la formaban, y (b) el carácter de gestor que ejercía Don Hipólito.

Hemos examinado los documentos presentados y, a nuestro juicio, acreditan de modo suficiente los hechos a que se refiere el registrador.

En la escritura de venta e hipoteca de 25 de abril, el notario autorizante asegura que "La constitución de la expresada sociedad, su capacidad para celebrar este contrato y la representación que se atribuye el gestor comparecido constan de la escritura de constitución de una sociedad regular colectiva que formalizaron el otorgante Don Hipólito Rosa García y Don José Rosa Sánchez, en unión de sus respectivas esposas * * * que original tengo a la vista * * *." Y luego se transcriben íntegras las cláusulas 1, 2, 4 y 5 de dicha escritura de constitución de sociedad. La 4, comienza así: "Ambos constituyentes tienen el carácter de gestores; pero la administración de la sociedad, con el uso de la firma colectiva, queda a cargo exclusivo del socio Don Hipólito Rosa García * * *."

En la escritura de 5 de mayo, comparecieron Don José Rosa Sánchez y Don Hipólito Rosa García y manifestaron que habían constituído por escritura pública de 5 de julio de 1912 la sociedad mercantil regular colectiva "H. Rosa y Compañía" y que deseando darle mayor extensión a sus negocios, modificaban la cláusula primera de la misma en la forma que expresaron.

Si bien nos parece que en casos de esta naturaleza, para evitar dificultades y para dar al registrador una más amplia oportunidad de investigar la capacidad de los contratantes, deben acompañarse las escrituras de constitución social, opinamos que cuando de los mismos documentos presentados para su inscripción constan de modo auténtico y fehaciente

y con la claridad debida, todos los datos necesarios relativos a la constitución de la sociedad, a las facultades de sus socios, etc., etc., huelga que se acompañe la escritura por virtud de la cual la sociedad quedó constituída.

Habido en consideración todo lo expuesto y vista la sección 5 de la ley sobre recursos contra las resoluciones de los registradores de la propiedad, de marzo 1, 1902, debe revocarse la resolución recurrida y ordenarse al registrador que proceda de conformidad con los principios enunciados en esta opinión.

*Revocada la nota recurrida en cuanto a la calificación de defectos subsanables.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.